UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

EDWARD ROSADO

                                      Plaintiff

      v.                                    Civil Case No.
                                        **COMPLAINT**
                                        Under the Civil Rights Act,
                                        42 U.S.C. § 1983

NYC POLICE OFFICER AMAURY SORIANO
SHIELD NUMBER 027412 (Individually
and in an official capacity)

NYC POLICE OFFICER JOHN DOE ONE,
(fictitious name) (Individually
and in an official capacity)

NYC POLICE OFFICER JOHN DOE TWO,
(fictitious name) (Individually
and in an official capacity)

THE CITY OF NEW YORK

                                        Defendants

-------------------------------------------------------------------

1. Now comes the Plaintiff, Edward Rosado, by and through his attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew, and complaining against Defendant City of New York, Defendant New York City Police Officer Amaury Soriano, Shield # 027412 (in an individual capacity and in an official capacity), and New York City Police Officer John Doe (fictitious name) (Individually and in an official capacity) and alleges as follows:

## JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because this is where the events complained of occurred, and the Defendants are located in this District.

## DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Edward Rosado is a citizen of the United States residing in Bronx County, New York City, in the United States of America.

7. Defendant New York City Police Officer Amaury Soriano, Shield Number 027412, is a police officer who, at the time of the incident, was employed by the New York City Police Department at the 46th Precinct. Defendant Police Officer Amaury Soriano is being sued individually and in an official capacity.

8. Defendant New York City Police Officer John Doe One is a police officer who, at the time of the incident, was employed by the New York City Police Department. Defendant Police Officer John Doe One is being sued individually and in an official capacity.

9. Defendant New York City Police Officer John Doe Two is a police officer who, at the time of the incident, was employed by the New York City Police Department. Defendant Police Officer John Doe Two is being sued individually and in an official capacity.

10. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

11. Each of the acts of the Defendants alleged in this complaint were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, the City of New York, and the County of New York, and under the authority of their office as a police officer for such New York City.

12. The true names and identities of the "DOE" defendants are presently unknown to Plaintiff. Plaintiff uses the fictitious name "DOE" to designate these Defendants. Plaintiffs allege that the "DOE" Defendants, along with the other Defendants, are legally responsible for the incidents, injuries, and damages set forth herein, and that each of the Defendants proximately caused the incident, injuries, and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious, or imputed negligence, fault, or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiff will seek to amend this Complaint as soon as the true names and identities of each of the "DOE" defendants has been ascertained.

13. Each of the Defendants, including the "DOE" defendants, caused, and is legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or

allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

14. Plaintiffs is informed and believes and therefore alleges that at all times mentioned in this Complaint, Defendant, and each of them, were the agents, employees, servants, joint ventures, partners, and/or coconspirators of the other Defendants named in the Complaint and that at all times, each of the Defendants was acting within the course and scope of that relationship with the other Defendants.

15. In doing the acts and/omissions alleged, Defendant, and each of them, acted under color of authority and/or color of state law at all relevant times.

16. Plaintiff is informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant City of New York, and other supervisory officials of Defendant City of New York's Police Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to failing to maintain adequate policies, failing to adequately train, supervise, and control police officers concerning entries into the homes of individuals, failing to investigate and impose discipline on police officers who employ improper

investigation methods, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

17. Each of the Defendants, including the "DOE" defendants caused, and are legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and exercising deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by the City of New York or by agents and officers under the direction and control of the City of New York, and by failing to take remedial or disciplinary action against said agents or officers.

## FACTS

18. On 4 May 2013 at about 9:00 in the morning the Plaintiff was standing on a public street, at a bus stop, in front of 226 East Fordham Road in Bronx New York. A number of people were in line waiting to enter a Footlocker store. New York City Police Officer Amaury Soriano grabbed the Plaintiff by the throat, choked the Plaintiff, and pushed the Plaintiff inside of the bus stop, Causing the Plaintiff to hit his head against a metal object. Police Officer Soriano proceeded to punch the Plaintiff in the face, and then threw the Plaintiff to the ground. Police Officer Soriano continued to punch the Plaintiff, and then two other male police officers came to the location and began kicking the Plaintiff while the Plaintiff was on the ground. The Plaintiff was arrested under arrest number B13631400. The Bronx District Attorney refused to prosecute the case and stated in an official document that "The defendant's [Plaintiff's] conduct as articulated by the arresting

officer does not rise to the level of criminal activity that would support the filing of a criminal charge." The District Attorney also stated that "There is no evidence that the defendant [Plaintiff's] presence directly obstructed pedestrian traffic or caused any imminet unsafe conditions, therefore the People decline to prosecute the charges."

## FEDERAL CLAIMS

### COUNT ONE: FALSE ARREST

19. Plaintiff re-alleges paragraphs 1 through 18 as though set forth in full here.

20. The Plaintiff states that she was illegally seized, searched, and arrested in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when he was arrested, in his home by the Defendant New York City Police Officers on 4 May 2013.

21. The Plaintiff states that the Defendant Police Officers did not have probable cause, or arguable probable cause, to arrest the Plaintiff because on 4 May 2013 because no one specifically identified the Plaintiff as being a party who committed any crime or criminal offense.

22. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 4 May 2013.

23. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

24. Plaintiff states that he was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

25. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when he was arrested on 4 May 2013, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits

of a crime, or any other evidence of criminal wrongdoing.

26. As a direct and proximate result of the wrongful conduct of the Defendant Police Officers as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant Police Officers, and the City of New York as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officers for their willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 26 as though set forth in full here.

27. The Plaintiff states that he was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when he was arrested by Defendant Police Officers 4 May 2013.

28. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to arrest the Plaintiff because on 4 May 2013 no one specifically identified the Plaintiff as

being a party who committed any crime or criminal offense.

29. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 4 May 2013.

30. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

31. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when he was arrested on 4 May 2013, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

32. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant Police Officers, and the City of New York, as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars to sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

## COUNT THREE: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICERS

33. Plaintiff re-alleges paragraphs 1 through 32 as though set forth in full here.

34. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise Defendant New York City Police Officers.

35. Plaintiff states that Defendant Police Officers arrested the Plaintiff without a warrant, and without probable cause.

36. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter situations involving individuals on the street..

37. Plaintiff states that proper training or supervision would have enabled the Defendant New York City Police Officers to understand that a police officer cannot arrest a person on a public street for just standing at a bus stop.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendant; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendant.

## COUNT FOUR: EXCESSIVE FORCE

38. Plaintiff re-alleges paragraphs 1 through 37 as though set forth in full herein.

39. Plaintiff states that on or about 4 May 2013 the conduct of Defendant Police Officers – as alleged above – violated Plaintiff's right to be free from the unreasonable and excessive use of

force as guaranteed by the Fourth Amendment, Eight, and the Fourteenth Amendments to the United States Constitution.

40. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, and humiliation.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officers for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

Date: 3 May 2016
New York, New York

_____
Lawrence P. LaBrew, Esq. (LL4455)
Attorney for the Plaintiff
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500