```
                                                            ┌─────────────────────────┐
UNITED STATES DISTRICT COURT                                │ USDC SDNY               │
SOUTHERN DISTRICT OF NEW YORK                               │ DOCUMENT                │
------------------------------------------------------X     │ ELECTRONICALLY FILED    │
EDWARD ROSADO,                         :                    │ DOC #:                  │
                                                            │ DATE FILED: 3/25/19     │
                   Plaintiff,          :                    └─────────────────────────┘

           -against-                   :     **MEMORANDUM AND ORDER**

NYC POLICE OFFICER AMAURY              :     16-CV-3310 (RA) (KNF)
SORIANO SHIELD NUMBER 027412
(Individually and in an official capacity),  :
NYC POLICE OFFICER JOHN DOE ONE,
(fictitious name) (Individually and in an    :
official capacity), NYC POLICE
OFFICER JOHN DOE TWO, (fictitious      :
Name) (Individually and in an official
capacity) AND THE CITY OF NEW          :
YORK,
                                       :
                   Defendants.
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

The plaintiff commenced this action pursuant to 42 U.S.C. §§1983 and 1988, alleging: (1) false arrest; (2) false imprisonment; (3) inadequate training and supervision of the defendant police officers by the City of New York; and (4) excessive force, in connection with the May 4, 2013 arrest of the plaintiff. The plaintiff alleged that, while he "was standing on a public street, at a bus stop, in front of 226 East Fordham Road in Bronx New York," Police Officer Amaury Soriano ("Soriano ") "grabbed the Plaintiff by the throat, choked the Plaintiff, and pushed the Plaintiff on the ground," after which he "continued to punch the Plaintiff" when "two other male police officers came to the location and began kicking the Plaintiff while the Plaintiff was on the ground." The plaintiff was arrested, but the Bronx County district attorney refused to prosecute the case for lack of evidence that the plaintiff's "presence directly obstructed pedestrian traffic or caused any imminent unsafe conditions." Before the Court is the plaintiff's motion for leave to

1

file a supplemental complaint to allege new claims against new defendants. The defendants oppose the motion.

## PLAINTIFF'S CONTENTIONS

The plaintiff seeks to assert the following supplemental claims: (a) inadequate training and supervision of defendant police officers; (b) unlawful seizure in violation of the Fourth Amendment; (c) false imprisonment; and (d) violation of the plaintiff's state-created liberty interest in his reputation and privacy, created pursuant to the Fourteenth Amendment, in connection with the plaintiff's arrest on April 19, 2018. The plaintiff alleges that on that day, he was seized and taken to the 52nd Police Precinct in Bronx County, New York. The plaintiff was a passenger in a car with others, when two plainclothes police officers stopped the car. When asked why they stopped the car, one of the police officers, John Telesca ("Telesca"), responded: "you look nervous and suspicious." The plaintiff was searched involuntarily and detained at the 52nd Police Precinct, when Telesca "informed Plaintiff (with other People present) that Plaintiff had a prior arrest, on 4 May 2013, for Resisting Arrest." The plaintiff alleges that he never provided his prior arrest information to any police officers and his prior arrest was sealed, pursuant to New York Criminal Procedure Law §160.50.

The plaintiff contends that his supplemental complaint is "intimately related to the original complaint" because "[b]oth involve the arrest on 4 May 2013 in Bronx County" and he is not aware of any prejudice to the defendants. According to the plaintiff, his claims are not futile because: (i) he was seized without probable cause, on April 19, 2018; (ii) the defendants "accessed sealed information" concerning his May 4, 2013 arrest; (iii) the defendants published his prior arrest information to the plaintiff in the presence of others; and (iv) the defendants

2

"maintained an illegal investigative database, that contained sealed information about the Plaintiff, and they used that information for investigative purposes."

## DEFENDANTS' CONTENTIONS

The defendants contend that the motion should be denied because the factual allegations in the supplemental complaint "do not connect it to the original pleading." For example, no allegations exist that: (1) Telesca "had contact with plaintiff or was personally involved in the May 4, 2013 incident"; (2) Soriano, who was involved in the May 4, 2013 incident, "had contact with plaintiff or was personally involved in the April 19, 2018 incident"; and (3) Soriano accessed the plaintiff's sealed arrest records during the April 19, 2018 incident. The only allegation seeming to connect the May 4, 2013 incident and the April 19, 2018 incident is that "Telesca made unspecified statements to plaintiff alluding to the fact plaintiff had been arrested in May of 2013." However, the defendants assert that "[t]his lone speculative allegation falls short of plaintiff's burden to show the supplemental pleading is connected to the original pleading, and is distinguishable from the cases where Courts have permitted a party to supplement the operative pleading." Moreover, the proposed supplemental claim alleging that Telesca accessed sealed information regarding the May 4, 2013 arrest is futile because it is not actionable under 42 U.S.C. § 1983.

The defendants contend that granting the motion would prejudice them because the proposed supplemental complaint "is nothing more than a backdoor attempt to re-open discovery at this late stage" in the action. According to the defendants, discovery was still open at the time of the April 2018 incident, but the plaintiff waited until September 2018 to seek leave to supplement the complaint. The defendants contend that "[d]uring the lengthy discovery period plaintiff failed to take *any* discovery whatsoever, including failing to depose defendant Officer

3

Soriano or non-parties." The defendants would be prejudiced at trial because "each officer would be forced to defend against allegations in which they [sic] are not alleged to have been involved."

## PLAINITFF'S REPLY

The plaintiff contends that the standard to supplement the complaint is the same as that to amend the complaint, and "the additional claims would not require the Defendants to expend significant resources to conduct discovery and prepare for trial" or "significantly delay the dispute," as no trial date has been set.

## LEGAL STANDARD

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transactions, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading or futility, the motion [to supplement the pleading] should be freely granted." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). "[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." Id. "An application for leave to file a supplemental pleading is addressed to the discretion of the court, and permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." Bornholdt v. Brady, 869 F.2d 57, 68 (2d Cir. 1989).

## APPLICATION OF LEGAL STANDARD

Contrary to the plaintiff's contention, the supplemental complaint is not "intimately related to the original complaint" because "[b]oth involve the arrest on 4 May 2013 in Bronx County." The proposed supplemental claims do not involve the May 4, 2013 arrest and involve a new defendant, Telesca, and new factual allegations pertaining to the plaintiff's April 19, 2018 arrest. Apart from the plaintiff's allegation that Telesca "informed Plaintiff (with other People present) that Plaintiff had a prior arrest, on May 4 2013, for Resisting Arrest," no allegations exist in the supplemental pleading linking Telesca or any factual assertions in the proposed supplemental complaint concerning the plaintiff's April 19, 2018 arrest to the plaintiff's May 4, 2013 arrest that is the subject of the complaint or the defendants named in the complaint.

The proposed supplemental complaint alleges facts concerning the plaintiff's May 4, 2013 arrest that have not been alleged in the complaint, appearing to amend the complaint, namely, that the plaintiff was arrested on May 4, 2013 "for Resisting Arrest." The plaintiff alleges in the complaint that the Bronx County district attorney refused to prosecute the plaintiff in connection with his May 4, 2013 arrest because "[t]here is no evidence that the defendant [Plaintiff's] presence directly obstructed pedestrian traffic or caused any imminent unsafe condition, therefore the People decline to prosecute the charges." Neither obstructing pedestrian traffic nor causing an imminent unsafe condition amounts to "Resisting Arrest."

The plaintiff's allegation that Telesca "informed Plaintiff (with other People present) that Plaintiff had a prior arrest, on 4 May 2013, for Resisting Arrest" is not sufficient to show that the plaintiff's April 19, 2018 arrest, while he "was a passenger in a car with four other individuals," is connected in any manner to the plaintiff's May 4, 2013 arrest alleged, seemingly and ambiguously, to have occurred "on a public street, at a bus stop, in front of 226 East Fordham

5

Road in Bronx New York" (Compl. ¶18, Suppl. Compl. ¶18) and "in his home" (Compl. ¶20, Suppl. Compl. ¶25). Moreover, the plaintiff makes baseless factual and conclusory allegations in his memorandum of law in support of the motion that have not been made in the complaint or proposed supplemental complaint:

> In this case, Defendants maintained an illegal investigative database, that contained sealed information about the Plaintiff, and they used that information for investigative purposes. The Defendants violated the Plaintiff's constitutional rights under the Fourteenth Amendment, when the Defendants' [sic] violated the Plaintiff's constitutional liberty interest in his reputation – and privacy – by maintain [sic], and accessing, sealed information in violation of N.Y. CRIM. PROC. LAW § 160.50 (1) (c) for their investigative purposes.

No allegations exist in the proposed supplemental complaint that: (a) the defendants "maintained an illegal investigative database, that contained sealed information about Plaintiff, and they used that information for investigative purposes"; (b) provide any details about "an illegal investigative database"; (c) any investigation of the plaintiff was ongoing at any time; or (d) describe the nature and extent of any investigation involving the plaintiff. The plaintiff also makes baseless factual assertions in his reply, not asserted in the pleadings: "Every one [sic] knows that the Police Department is maintaining a record of his prior arrest even though he was never convicted of anything."

The defendants in this action will be prejudiced if the proposed supplemental claims unrelated to the claims in the complaint proceed this late in the litigation, after discovery closed on May 8, 2018. Although the allegations in the proposed pleading concern the plaintiff's April 19, 2018 arrest, the plaintiff determined to wait until September 17, 2018, to file the instant motion rather than act diligently to assert them. The plaintiff did not: (1) explain why he waited almost five months to make the motion; and (2) assert that anything prevented him from acting diligently in connection with the proposed supplemental claims. No reason has been articulated

6

by the plaintiff that would attenuate the prejudice to the defendants in this action who would be forced to wait for discovery to be completed in connection with the unrelated defendants and claims, where discovery in connection with the claims in the complaint has been completed long ago.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for leave to supplement the complaint, Docket Entry No. 46, is denied.

Dated: New York, New York
March 25, 2019

SO ORDERED:

*[signature]*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE