UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD ROSADO,

                    Plaintiff,

        v.

NYC POLICE OFFICER AMAURY
SORIANO, *et al.*,

                    Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9-15-20

16-CV-3310 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

        Following an altercation at a shoe store that resulted in his arrest, Plaintiff Edward Rosado brought suit against three New York City police officers and the City of New York, alleging false arrest, use of excessive force, and failure to train. *See* Complaint at 2–10 (Dkt. 1). In a June 26, 2020 bench ruling, the Court granted summary judgment for Defendants on the false arrest and municipal liability claims, but denied summary judgment on the excessive force claim. Dkt. 96. Plaintiff now seeks reconsideration on the false arrest claim. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

## LEGAL STANDARD

        Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. Local Rule 6.3 allows a court to grant a motion for reconsideration "only where the court has overlooked controlling decisions or factual matters that were 'put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Ramos v. City of New York*, No. 15-cv-6085 (ER), 2017 WL 3575697, at *1 (S.D.N.Y. Aug. 17, 2017) (citing *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008)). In deciding a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of

controlling law;" (2) whether there is newly available evidence presented; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992)).  The Court applies this strict standard "so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Arthur Glick Truck Sales, Inc. v. Stuphen East Corp*., 965 F. Supp. 2d 402, 405 (S.D.N.Y. 2013).

## ANALYSIS

Plaintiff has not alleged that the Court has made a clear error or perpetrated manifest injustice, nor has he shown a change of controlling law or any newly available evidence.  Instead, he seems to focus his argument on a perceived misapplication of controlling law.

The doctrine of qualified immunity serves to protect government officials from civil liability for action taken under color of law.  *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  A government official is entitled to qualified immunity unless the plaintiff can show that (1) the government official violated the plaintiff's constitutional rights and (2) the rights at issue were "clearly established" at the time of the alleged misconduct.  *Id*. at 232 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). An officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff* v. *Rickard*, 572 U. S. 765, 778–79 (2014).  In the context of unlawful arrest, an officer is entitled to qualified immunity so long as he had "'arguable' probable cause" to conduct the arrest. *Martinez v. Simonetti,* 202 F.3d 625, 634 (2d Cir. 2000).

Although at the proceeding on June 26, 2020, Plaintiff's counsel expressed a desire to challenge the existing law regarding qualified immunity, he does not now challenge the applicability of the above stated rules.  Instead, he asserts that under controlling case law, the individual defendants could not possibly have had "arguable probable cause" to arrest him.  *See* Plaintiff's Motion for Reconsideration

("Pl. Motion") at 14 (Dkt. 105). He makes this argument by citing myriad cases in which courts determined officers lacked probable cause to conduct an arrest under New York law. None of those cases, however, present facts sufficiently similar to the facts here so as to render it unreasonable for the Defendants to have believed they had probable cause to arrest Plaintiff. *See Anderson*, 483 U.S. at 640. For example, Plaintiff cites several New York state cases in which the court held that the officer lacked probable cause of disorderly conduct because the facts did not support an inference of intent to "cause public inconvenience, annoyance or alarm, or recklessly creates such a risk." Pl. Motion at 20–21 (citing *Provost v. City of Newburgh*, 262 F.3d 146 (2d Cir. 2001); *People v. Gonzalez*, 35 N.E.3d 478 (2015); *People v. Johnson*, 9 N.E.3d 902 (2014); *People v. Baker*, 984 N.E.2d 902 (2013); *People v. Smith*, 225 N.E.2d 531 (1967)). But in none of those cases did the arrestee physically engage with an officer or obstruct access to a public space an officer was tasked with monitoring. *See Provost*, 262 F.3d at 151–52 (Plaintiff used harsh language when speaking to officer in private space); *Gonzalez*, 35 N.E.3d at 479 (Defendant shouted obscenities at officers on train platform but did not obstruct access); *Johnson*, 9 N.E.3d at 903 (Defendant refused to move from street corner but did not obstruct pedestrian or officer access); *Baker*, 984 N.E.2d at 903–04 (Plaintiff shouted obscenities at officer on empty residential street); *Smith*, 225 N.E.2d at 532 (Defendants observing an unrelated arrest in restaurant parking lot refused to disperse when ordered to do so). Thus, these cases would not have "reasonably altered the result before the court" had they been considered by the court below in the first instance. *See Ramos*, 2017 WL 3575697, at *1.

Moreover, Plaintiff's argument here is the same as that he previously advanced in response to Defendants' motion for summary judgment. "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he

offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol*, 554 F. Supp. 2d 500.[1]

Accordingly, the Court finds no grounds on which to grant a motion for reconsideration.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is denied.  The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 105.

SO ORDERED.

Dated:     September 15, 2020
           New York, New York

_____
RONNIE ABRAMS
United States District Judge

---

[1] Furthermore, Plaintiff's arguments concerning the sufficiency of charging documents under New York law has no bearing here.  *See* Pl. Motion at 16–20.  Plaintiff has not brought a wrongful prosecution claim here, and in fact, was not prosecuted following his arrest.