```
┌─────────────────────────────────────┐
│ USDC-SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC#:                                │
│ DATE FILED:                          │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD ROSADO,

                    Plaintiff,

          v.

NYC POLICE OFFICER AMAURY
SORIANO,

                    Defendant.

---

No. 16-CV-3310 (RA)

<u>ORDER</u>

RONNIE ABRAMS, United States District Judge:

Plaintiff Edward Rosado brought this action pursuant to 42 U.S.C. § 1983 against the City of New York, New York City police officer Amaury Soriano, and two unnamed police officers, alleging excessive force, false arrest, and municipal liability.   Each of Rosado's claims stem from a single incident that took place in the Bronx, New York on the morning of May 4, 2013.   On June 26, 2020, the Court granted Defendants' motion for summary judgment on all claims except for excessive force.   *See* Dkt. 96.   Trial on that claim against the one remaining Defendant Officer Soriano, is currently scheduled to commence on August 11, 2021.

Now before the Court are Defendant's motions *in limine*.   Dkt. 151 ("Def's Mot.").   For the reasons that follow, those motions are granted in part and denied in part.

**DISCUSSION**

Defendant makes ten motions *in limine*.   Plaintiff's various responsive papers address only one of those motions—to preclude Plaintiff's sister, Briana Rosado, from testifying.   *See* Dkt. 155, 156, 163.   The Court addresses that motion first.

I.      **Testimony of Witnesses Not Identified in Discovery**

Defendant argues that four trial witnesses identified in the Joint Pretrial Order, Dkt. 162—Gina Rosado, Briana Rosado, Dr. Shoshana Weiner, and an unnamed individual from the Bronx District Attorney's Office—should be precluded from testifying because Plaintiff violated the discovery rules of the Federal Rules of Civil Procedure by failing to properly identify any of those individuals in a required disclosure.   Def's Mot at 14.   Plaintiff has since represented that he "consents to the Defense request regarding Dr. Shoshana Weiner, and the Bronx District Attorney's Office," Dkt. 155, and that he no longer intends to call Gina Rosado, *see* Dkt. 162.

With respect to the remaining witness in dispute, Briana Rosado, Plaintiff submits that any lack of disclosure was harmless and would not prejudice defendants.   The Court tends to agree, on the condition that she is made available for a deposition before trial.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).   Neither party disputes that Plaintiff failed to provide Ms. Rosado's name and identifying information in an initial or supplemental disclosure.   *See* Dkt. 151-2, Declaration of Brian Zapert ("Zapert Decl.")   ¶ 3.   In short, Plaintiff plainly failed to comply with Rule 26 with respect to Ms. Rosado.

The Court nonetheless retains the discretion to admit evidence that was not timely disclosed considering "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (internal quotation marks omitted).   Preclusion is considered "'a drastic remedy'" that is generally disfavored within the District. *Rivera v. United Parcel Serv.*, 325 F.R.D. 542, 548 (S.D.N.Y. 2018) (quoting *Kunstler*

*v. City of New York*, 242 F.R.D. 261, 265 (S.D.N.Y. 2007)).  Before granting the "extreme sanction of preclusion," a court should "inquire more fully into the actual difficulties which the violation causes." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988).

The Court finds that precluding Ms. Rosado from testifying would be unduly harsh in this instance.  As an initial matter, a continuance is not warranted as the Court cannot countenance further delay in this case, which has been pending for over five years.  *See, e.g., Ferdman v. CBS Interactive Inc.*, 342 F. Supp. 3d 515, 529 (S.D.N.Y. 2018) ("[T]he fact that discovery closed many months ago also weighs strongly against the possibility of a continuance." (internal quotation marks omitted)).

Plaintiff has not provided an adequate explanation for failing to identify Ms. Rosado as a potential witness before the close of discovery.  He declares that he has been dealing with several sensitive personal matters complicated by the pandemic.  *See* Dkt. 155 ¶ 8.  Although the Court is mindful of these extenuating circumstances, all the described events apparently took place in 2021, well after discovery was completed in September 2019, *see* Dkt. 61.  As a result, none of those circumstances justifies, let alone explains, Plaintiff's failure to disclose Ms. Rosado as a potential witness during discovery.  The first factor accordingly weighs in favor of preclusion.

The second factor weighs heavily in favor of Plaintiff.  The testimony of Ms. Rosado, the only non-party witness that Plaintiff intends to call at trial, is plainly important to Plaintiff's case.  She is also the only non-police officer eyewitness who will testify to the incident.  As this trial will require the jury to choose between two competing accounts of the events of May 4, 2013, Ms. Rosado's potential corroboration of Plaintiff's account may well be crucial to Plaintiff's case.  That no other percipient witness will be called to testify further cuts against preclusion.  *Cf. Downey v. Adloox Inc.*, No. 16-CV-1689 (JMF), 2018 WL 794592, at *2 (S.D.N.Y. Feb. 8, 2018)

(finding that plaintiff's ability to introduce similarly probative evidence weighed in favor of preclusion).

As to the third *Patterson* factor, the Court finds that Defendant would not suffer undue prejudice if Ms. Rosado were to testify at trial.  Plaintiff correctly points out that the Defendant had prior knowledge that Ms. Rosado was an eyewitness to the event.  On December 10, 2017, in his answers to interrogatories, Plaintiff identified Briana Rosado as a person "who witnessed, w[as] present at, or ha[s] knowledge" of the incident in question.  *See* Zapert Decl., Ex. A.  Plaintiff provided Ms. Rosado's address at that time.  *Id.*  Although the identification of a witness in an interrogatory response does not suffice for purposes of Rule 26(a)(1)(A) disclosure, *see, e.g., Downey,* 2018 WL 794592, at *1–2, the prior identification of Ms. Rosado does allay concerns of prejudice to the defendants.  Plaintiff also testified at his deposition that Ms. Rosado witnessed the alleged assault.  *See* Dkt 155-3 at 3.  In sum, Defendant was on notice about the broad contours of Ms. Rosado's testimony.

Considering that two of the *Patterson* factors weigh strongly in favor of admitting the witness, the Court declines to entirely preclude Ms. Rosado's testimony.   In order to allay the prejudice to Defendant, however, Plaintiff must make Ms. Rosado available for a deposition, whether by video or in person, before the first day of trial.  Defendant's motion *in limine* is thus denied, on the condition that Defendant is given an opportunity to depose Ms. Rosado before trial.

## II.   The Remaining Motions in Limine

Because Plaintiff does not address the remaining motions *in limine*, the Court assumes that they are unopposed.  In other words, the Court presumes that Plaintiff has "disclaimed any intent to offer [the challenged] evidence."  *See Gogol v. City of New York*, No. 15 CIV. 5703 (ER), 2018 WL 4616047, at *2 (S.D.N.Y. Sept. 26, 2018).   The motions are granted.

Plaintiff is thus precluded from 1) introducing evidence or making arguments that relate solely to claims that the Court has previously dismissed;  2) referring to defense counsel as "City Attorneys;" 3) mentioning indemnification; 4) referencing the New York City Police Department Patrol Guide; 5) requesting a specific dollar amount in damages from the jury; 6) eliciting evidence of Defendant's disciplinary history, or complaints or lawsuits filed against him; 7) referring to unrelated purported instances of police misconduct, and from using terminology and colloquialisms such as "testilying" and "blue wall of silence;"  8) arguing or submitting evidence that Defendant created the need to use force by his own actions; and 9) introducing any evidence or testimony concerning a claim for purported lost income or future expenses.

## CONCLUSION

For the reasons set forth above, Defendant's motions *in limine* are GRANTED in part and DENIED in part.  The Court will address the hearsay and relevance objections as to particular proposed exhibits at the Final Pretrial Conference scheduled in this matter on August 10, 2021.

The Clerk of Court is respectfully directed to terminate item numbers 151, 152, and 153 on the docket.


SO ORDERED.

Dated:   August 6, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge

5