```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD ROSADO,

                Plaintiff,

        v.

POLICE OFFICER AMAURY SORIANO,

                Defendant.

No. 16-CV-3310 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Trial on Plaintiff Edward Rosado's claim of excessive force against Defendant New York City police officer Amaury Soriano is scheduled to commence on August 11, 2021. Rosado's claim stems from an arrest effectuated by Officer Soriano in the Bronx, New York on the morning of May 4, 2013. Subsequent to the arrest, the Office of the Bronx District Attorney's Office declined to prosecute Rosado. Officer Soriano moves to preclude Rosado from testifying that he was not criminally charged or prosecuted for the events of May 4, 2013. That motion is granted.

    At today's final pre-trial conference, the Court ruled that the affidavit in support of declining prosecution, proffered by Rosado, is inadmissible under Federal Rule of Evidence 403. The Court ruled on the one hand that the probative value of that document was slight at best because the question of whether or not Plaintiff in fact committed a crime before his encounter with the police has no direct bearing on the question of excessive force. *See, e.g., Graham v. Connor*, 490 U.S. 389, 396 (1989) (holding that a claim of excessive force turns on the objective reasonableness of the force applied, considering, among other factors "the severity of the crime at issue"). On the other hand, there was a real danger that the jury would be led to believe that the District Attorney's decision not to charge Rosado with a crime "offer[s] [a] conclusion[] regarding the factual issues the jury was to determine," *Morales v. City of New York*, No. 99-CV-10004 (DLC), 2001 WL 8594, at *6 n.4 (S.D.N.Y. Jan. 2, 2001), namely the reasonableness of the force employed.

For similar reasons, the Court finds that the probative value of any testimony concerning the prosecution of Rosado is substantially outweighed by the danger of unfair prejudice and jury confusion. Fed. R. Evid. 403. "Since the use of excessive force is impermissible even during a lawful arrest," including one that leads to a criminal prosecution, the determination as to whether Rosado's conduct would support the filing of a criminal charge has no bearing on the "jury's assessment of [an] excessive-force claim." *See, e.g., Weyant v. Okst*, 101 F.3d 845, 858 (2d Cir. 1996). Contrary to Rosado's contention, whether or not the District Attorney opted to bring charges against Rosado does not bear on the "severity of the crime at issue." The jury will be able to assess that factor based on the testimony of the witnesses to the May 4, 2013 encounter. Because "[t]he reasonableness inquiry depends only upon the officer's knowledge of circumstances *immediately prior to* and *at the moment* that he made the split-second decision to employ … force," *Salim v. Proulx*, 93 F.3d 86, 92 (2d Cir. 1996) (emphases added), the actions that law enforcement agencies took subsequent to the arrest are not relevant to Rosado's claim for excessive force, and, in any event, are substantially more prejudicial than probative.

Both parties are thus precluded from offering testimony or evidence as to any criminal charges or proceedings—or lack thereof—that were initiated against Rosado subsequent to his arrest. To eliminate any potential confusion, I will instruct the jury that the only issue that they must determine at trial is the reasonableness of the force employed in connection with the May 4, 2013 encounter between Rosado and Officer Soriano, and that whether or not Rosado was charged pursuant to that arrest, and what, if anything, happened as a result, has no bearing on that determination.

SO ORDERED.

Dated:   August 10, 2021
         New York, New York

Ronnie Abrams
United States District Judge