UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD ROSADO, <br><br> Plaintiff, <br><br> v. <br><br> POLICE OFFICER AMAURY SORIANO, <br><br> Defendant. | No. 16-CV-3310 (RA) <br><br> MEMORANDUM <br> OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

In this Section 1983 action, Plaintiff Edward Rosado alleged that Defendant Officer Amaury Soriano used excessive force against him during an altercation at a sneaker release event. Following a three-day trial, the jury returned a verdict for Defendant. Before the Court is Plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). Dkt. 177. For the reasons that follow, that motion is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and does not recount them here in full. On May 3, 2016, Plaintiff brought suit against three New York City police officers and the City of New York, alleging false arrest, use of excessive force, and failure to train, in connection with his arrest outside of a Foot Locker in the Bronx on May 4, 2013. Dkt. 1. On June 26, 2020, the Court granted summary judgment for Defendants on the false arrest and municipal liability claims, but denied summary judgment on the excessive force claim. Dkt. 96, Dkt. 105-1 (transcript). Plaintiff subsequently filed a motion for reconsideration on the false arrest claim, which the Court denied. Dkt. 120. Plaintiff proceeded to trial on his excessive force claim against Defendant Officer Soriano. On August 13, 2021, the jury returned a verdict for Defendant.

Plaintiff now moves for a new trial pursuant to Rule 59(a) on the basis that the jury's verdict was against the weight of the evidence.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(a)(1), a new trial may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Whether a new trial is warranted under Rule 59(a) is a question that is "committed to the sound discretion of the district court." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998). To grant a new trial pursuant to Rule 59 because the verdict was against the weight of the evidence, a court must find that the jury "reached a seriously erroneous result or . . . the verdict is a miscarriage of justice." *Farrior v. Waterford Bd. Of Educ.*, 277 F.3d 633, 634 (2d Cir. 2002) (internal quotation omitted). In deciding whether to grant a new trial, the trial court may weigh the evidence itself and "need not view it in the light most favorable to the verdict winner." *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998). Although a trial court may consider the credibility of witnesses, the credibility determinations of a jury "are entitled to deference" and when the resolution of issues depends on an assessment of witness credibility, "it is proper for the court to refrain from setting aside the verdict and granting a new trial." *Id.* at 104–05 (quoting *Metromedia Co. v. Fugazy*, 983 F.2d 350, 363 (2d Cir. 1992)). "A court considering a Rule 59 motion for a new trial must bear in mind . . . that the court should only grant such a motion when the jury's verdict is egregious." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (citation omitted).

## DISCUSSION

Despite his contention that the jury's verdict was against the weight of the evidence, Plaintiff spends little time in his motion discussing the evidence actually presented at trial. Instead,

2

Plaintiff asserts in his brief that "Defendant Soriano's use of force was objectively unreasonable, because there was not probable cause to believe that Mr. Rosado committed a crime in the presence of the Defendant." Dkt. 178 at 7. Because Plaintiff's arrest was unauthorized to begin with, he argues, *any* force used to effectuate his arrest would have constituted excessive force. *See* Dkt. 181 at 5 ("Defendant Police Officer's action[s] were objectively unreasonable . . . because an objectively reasonable New York City Police Officer would not have arrested the Plaintiff in the first place, and subjected the Plaintiff to excessive force."). Because this very argument has been rejected several times by this Court as well as by the Second Circuit, *see Zellner v. Summerlin*, 494 F.3d 344, 377–78 (2d Cir. 2007), and because the jury's verdict was not "egregious," Plaintiff's motion for a new trial is denied.

**I.    Lawfulness of Arrest**

To be clear, whether Plaintiff's arrest was lawful to begin with was not at issue during trial. In fact, the Court made clear to the jury, in both the preliminary instructions and jury charge, that it would not be "asked to decide whether Officer Soriano was justified in arresting Mr. Rosado in the first place." Dkt. 171 at 5, Dkt. 175 at 19. This was because the Court had granted summary judgment to Defendants on Plaintiff's false arrest claim on the basis that Officer Soriano had, at a minimum, arguable probable cause to arrest Plaintiff for obstructing governmental administration, and thus was entitled to qualified immunity. *See* Dkt. 96, Dkt. 105-1 (transcript). In moving for reconsideration on the false arrest claim, Plaintiff made the same argument that he did in opposition to Defendants' motion for summary judgment. The motion for reconsideration was thus denied. Dkt. 120. Additionally, while ruling on the parties' motions in limine, the Court precluded Plaintiff from "introducing evidence or making arguments that relate solely to claims that the Court has previously dismissed." Dkt. 166 at 5. Despite all of this, Plaintiff's argument now is, in sum and

3

substance, the same argument that the Court has already heard several times and dismissed. Because Rule 59 is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," the Court declines once again to revisit the issue of whether probable cause existed for Plaintiff's arrest. *Sequa*, 156 F.3d at 144.

In any event, Plaintiff's argument misses the mark yet again because the issue of whether an arrest is lawful is distinct from that of whether excessive force was used in conducting that arrest. *See Jones v. Parmley*, 465 F.3d 46, 62 (2d Cir. 2006). The standard for assessing a claim of excessive force under § 1983 is one of "objective reasonableness." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). "Even a valid arrest, made with probable cause, may lead to an excessive force finding where officers act unreasonably in physically restraining a suspect." *Mesa v. City of New York*, No. 09 CIV. 10464 JPO, 2013 WL 31002, at *18 (S.D.N.Y. Jan. 3, 2013); *see also Weyant v. Okst*, 101 F.3d 845, 858 (2d Cir. 1996). The opposite is also true—an invalid arrest does not invariably result in a finding of excessive force. *See Mesa*, 2013 WL 31002, at *21 ("[T]he mere fact that the officers may not have had probable cause for Flores' arrest and detention does not necessitate a ruling for Plaintiff on the excessive force claim."); *Zellner*, 494 F.3d at 378. The Second Circuit has rejected the proposition that in the absence of probable cause for an arrest, any force used in making such arrest is necessarily excessive, and Plaintiff's argument fails for this reason as well.[1]

---

[1] In his brief, Plaintiff cites a host of cases in support of the proposition that absent probable cause to arrest, an individual cannot validly be charged with, or convicted of, a crime. *See, e.g.*, Dkt. 178 at 10–19 (citing *People v. Alejandro*, 70 N.Y.2d 133, 135 (1987); *Curry v. City of Syracuse*, 316 F.3d 324, 336 (2d Cir. 2003); *People v. Laboy*, 114 A.D.3d 1254, 1255 (N.Y. App. Div. 2014); *People v. Johnson*, 22 N.Y.3d 1162, 1164 (2014)). These cases are inapposite as Plaintiff was never charged with or convicted of any crime.

## II. Excessive Force

The reasonableness of a particular use of force is "judged from the perspective of a reasonable officer on the scene," taking into account factors such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  This inquiry is fact-specific and requires "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (internal quotations omitted).  The operative question is "whether the totality of the circumstances justified a particular sort of search or seizure." *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985).  "Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396.

Contrary to Plaintiff's assertions, the verdict was not inconsistent with the evidence adduced at trial.  While Plaintiff testified that he was punched in the face, thrown to the ground, and kicked in the ribs by Defendant, Defendant denied that he or any other officer kicked or hit Plaintiff at all.  And although Plaintiff disputed ever taking any physical action toward Defendant, Defendant testified that Plaintiff slapped his hand away twice as he attempted to steer Plaintiff away from the Foot Locker and threatened to "fuck [Defendant] up."  The central issues at trial— the amount of force actually used in facilitating Plaintiff's arrest and whether Plaintiff resisted arrest or threatened the officer—were sharply contested.  In reaching its verdict, then, the jury would necessarily have needed to decide whose version of events it found more credible, and inherent in its decision was a determination that it credited Defendant's account of what happened

over Plaintiff's. Ordering a new trial would thus run contrary to the deference owed to the jury's credibility assessments, all of which were eminently reasonable.

Moreover, a verdict for Defendant was not so lacking in foundation as to be a miscarriage of justice. Defendant's testimony was corroborated by another witness, Officer McAuliffe. And both Plaintiff's medical records and photographs taken hours after the arrest suggest that Plaintiff did not suffer any serious injuries as a result of the struggle. The Court thus cannot say that the jury reached a "seriously erroneous" result.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for a new trial is denied. The Clerk of Court is respectfully directed to terminate docket entry 177, close this case, and enter judgment for Defendant.

SO ORDERED.

Dated:   December 13, 2021
         New York, New York

Ronnie Abrams
United States District Judge